# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **ALBA MORALES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  **Case No. 0:24cv61381-MD** |
| | ) |
| **MEDICREDIT, INC.** | ) |
| | ) |
| Defendant. | ) |

## MEDICREDIT, INC. MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION and <u>FAILURE TO STATE A CLAIM</u>

Medicredit, Inc. ("Medicredit" or "Defendant") moves to dismiss Plaintiff Alba Morales' ("Plaintiff") First Amended Complaint (ECF No. [7], the current "Complaint") pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction because Plaintiff has not pleaded facts to support a concrete injury in fact and therefore lacks standing to bring this case. Should the Court conclude that it has subject matter jurisdiction, Medicredit further moves the Court to dismiss this case pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted. As grounds for its Motion, Medicredit states as follows:

1. Plaintiff originally filed this case with the County Court of 20th Judicial Circuit in and for Hendry County on September 27, 2023. That complaint asserted a single claim for violation of the Fair Debt Collection Practices Act (the "FDCPA," 15 U.S.C. §1692a *et seq.*). Medicredit filed a motion to dismiss the state court complaint for lack of standing and failure to state a claim that was set for a hearing on February 15, 2024. Instead of facing a hearing on the Motion to Dismiss, Plaintiff dismissed the State Court action on January 2, 2024.

2.     On July 31, 2024, Plaintiff filed the First Amended Complaint in that this action is virtually identical to the State Court action.  Medicredit responded with a Motion to Dismiss filed on August 21, 2024.

3.     Before responding to the Motion to Dismiss in this Court, Plaintiff filed the self-titled First Amended Complaint on September 4, 2024.

4.     All of the complaints allege that following a work-related accident Plaintiff received medical treatment from a non-party medical provider on February 14, 2023 (ECF No. [7] ¶7-8). Plaintiff has finally identified an employer in the First Amended Complaint (*Id.* at ¶6).

5.     The First Amended Complaint alleges that some six months later Medicredit sent her a letter attempting to collect the cost of the medical treatment. (*Id.* at ¶28, Exhibit A).

6.     Plaintiff alleges Medicredit violated the FDCPA by sending Exhibit "A" because a provision of Florida Workers' Compensation Law - Fla. Stat. Ann. § 440.13(13)(a) – acts as a shield from liability for the costs associated with care provided as a result of a work related injury (Complaint, ¶ 45-47).

7.     For the alleged violation of the FDCPA, Plaintiff seeks statutory and actual damages (*Id.* at ¶53(a)). The Complaint fails to allege facts to support a conclusion that Plaintiff sustained actual damages, much less a concrete injury in fact caused by Medicredit. *See TransUnion LLC v. Ramirez,* 210 L. Ed. 2d 568, 141 S. Ct. 2190, 2205 (2021) (under Article III "an injury in law is not an injury in fact").

8.     This failure means Plaintiff has failed to plead facts showing standing before this Court, leaving this Court without subject matter jurisdiction.

9.     Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction because the Plaintiff lacks standing to sue in this Court.

10. Should the Court reach the merits of the Complaint, the Plaintiff alleges the Medicredit violated the FDCPA by attempting to collect a debt it knew was illegitimate.

11. The Complaint does not have sufficient factual allegations that the Plaintiff's treatment was related to a work-related incident, that the Plaintiff received the Statement, and the Complaint, therefore, fails to state a claim for which relief may be granted.

## MEMORANDUM OF LAW

### I. LEGAL STANDARDS

The Federal Rules of Civil Procedure require a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); see *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). This pleading standard is applied under both Rule 12(b)(1) (facial challenge, *see* I.a, and II. infra) and Rule 12(b)(6). *Carmichael v. Kellogg, Brown & Root Servs., Inc.,* 572 F.3d 1271, 1279 (11th Cir.2009). In this case the Complaint lacks the necessary factual allegations to avoid dismissal.

### a. Subject Matter Jurisdiction, 12(b)(1)

"[S]tanding is a threshold question that must be explored at the outset of any case." *Corbett v. Transp. Sec. Admin.*, 930 F.3d 1225, 1232 (11th Cir. 2019). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a

dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991).

Under Fed. R. Civ. P. 12(b)(1), a party moves to dismiss a complaint for lack of subject matter jurisdiction. Attacks on subject matter jurisdiction come in two forms: (1) facial attacks, and (2) factual attacks. *Ferrer v. Atlas Piles, LLC,* 586 F. Supp. 3d 1286, 1290 (S.D. Fla. 2022). This motion presents a facial attack on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Facial attacks on a complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). In this case, because the Complaint has failed to allege any injury in fact, the Plaintiff lacks standing and the Court lacks subject matter jurisdiction.

### b. Failure to State a Claim for which relief may be granted, 12(b)(6)

A Rule 12(b)(6) motion requests dismissal for "failure to state a claim upon which relief can be granted." When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action are insufficient to survive motion to dismiss. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007). In this instance, the Plaintiff has alleged that Medicredit sent a statement. The Complaint failed to allege sufficient facts to state a claim because there are no factual allegations that establish a work-place accident, that the Plaintiff received the statement or that Plaintiff was

mislead by the statement. Without more, the Complaint fails to state a claim for which relief may be granted.

## II. LACK OF SUBJECT MATTER JURISDICTION.

As the party invoking federal jurisdiction, Plaintiff has "the burden of demonstrating that he has standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 141 S.Ct. 2190, 2207 (2021). To establish subject matter jurisdiction, a plaintiff must allege he or she has standing, which consists of three elements: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted). "To establish injury in fact, a plaintiff must demonstrate he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339. Plaintiff "must clearly allege <u>facts</u> demonstrating each element" of standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quotation, citation and alteration omitted). The Complaint before the Court has not alleged <u>facts</u> demonstrating an injury in fact to establish standing before this Court.

"Article III standing requires a concrete injury even in the context of a statutory violation," and a "bare procedural violation, divorced from any concrete harm" does not suffice. *Spokeo* 578 U.S. at 341. The availability of a statutory cause of action *does not* affect the standing analysis; a plaintiff advancing a private statutory right of action, as in this case, still must show that she "has suffered a concrete harm under Article III." *TransUnion*, 141 S.Ct. at 2205. While plaintiffs may be offended by a defendant's actions an injury in law is not an injury in fact. *Id.* Standing, and subject matter jurisdiction, require a concrete injury in fact in all cases for a "case" even to exist. *Id.*

A "concrete" injury must be "de facto"—that is, it must be "real, and not abstract." *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020) (quoting *Spokeo*, 136 S. Ct. at 1548). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Mtelehealth, LLC v. United Parcel Serv., Inc.*, 447 F. Supp. 3d 1306, 1309 (S.D. Fla. 2019). In this case, the Complaint does not allege any facts that would support an inference that Plaintiff has suffered a tangible injury or the conclusion of actual damages.

The Complaint does not allege that Plaintiff had any reaction to the statement, made any payments in response to the statement, spent any time or money to investigate whether she should. *Trichell*, 964 F.3d at 997. This is likely because Plaintiff alleges that she knows her employer is responsible for the debt (Complaint ¶ 35, 37).

### A. Plaintiff does not plead any actual damages.

In this Complaint, Plaintiff has not provided sufficient factual allegations to support a conclusion that she has suffered actual or real damages. There are no allegations of distinct, palpable, actual injuries, money lost or spent.[1]

Plaintiff also alleges that she believed (falsely) that she was responsible for the debt (*Id.* at ¶ 39). This false belief caused worry, confusion and made her anxious (*Id.* at ¶ 35-38). These allegations, however, are undermined by the actual knowledge that Plaintiff also acknowledges that Plaintiff's employer or the employer's insurance carrier, not Plaintiff, is responsible for the Medical Debt (*Id.* at ¶ 37). These two positions are mutually exclusive, and the actual knowledge undermines the Plaintiff's false belief. Beliefs, like thoughts, are not actionable without some legally injurious action taken based on those thoughts. The same is true when a belief is presented

---

[1] The hiring of counsel does not constitute an injury for purposes of standing. *Preisler v. Eastpoint Recovery Group, Inc.*, 2021 WL 2110794, at *5, note 5.

6

as a damage, it is not concrete without a legally injurious action taken based on that belief. There are no <u>factual allegations</u> to support a conclusion that this belief is anything more than artful pleading.

Specifically, Plaintiff alleged that she worried, ruminated, was confused, and anxious all based on the false beliefs described above (*Id.* at ¶ 35-39). As a matter of law and following the guidance of the United States Supreme Court, the Complaint descriptions of emotional distress do not qualify as a concrete harm sufficient to confer standing. *See Preisler v. Eastpoint Recovery Group, Inc.*, 20-CV-62268-RAR, 2021 WL 2110794, at *3 (S.D. Fla. May 25, 2021) (holding that the injury of "distress and anxiety" caused by the word "enforce" included in a letter made the document "threatening and confusing" was insufficient to establish standing) (relying on *Trichell*, 964 F.3d at 997; *Spokeo*, 136 S. Ct. at 1549). Importantly, "fear" (or worry) alone is also insufficient to confer standing in this analysis. *Id.* at *5. Without more, Plaintiff's descriptions of mental distress are not sufficiently concrete and particularized to establish standing. *See Luce v. LVNV Funding LLC*, 2023 WL 1472582, at *5 (S.D. Fla. Jan. 18, 2023), report and recommendation adopted, 2023 WL 1466815 (S.D. Fla. Feb. 2, 2023). In addition, "psychological states induced by a debt collector's letter … fall short, …" worry, like confusion, is insufficient to confer standing." *See Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 939 (7th Cir. 2022), cert. denied, 143 S. Ct. 775 (2023). Because the Plaintiff's conclusion of psychological states induced by one statement is unsupported by any factual allegations, it fails as a matter of law. As a result, the Plaintiff has not pled sufficient factual matter, to demonstrate an injury-in-fact, which is concrete, distinct, and palpable, and the Complaint should be dismissed.

The Complaint now adds that the letter caused "Plaintiff to lose two (2) hours of sleep on at three (3) different occasions" (Complaint ¶ 40). However, the Supreme Court instructs that

Courts when assessing allegations of intangible harms and emotional distress they typically amounted to a recognized injury only if it was (1) severe, and (2) the result of "extreme and outrageous conduct." *Buccholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 864 (6th Cir. 2020) (no standing for FDCPA plaintiff based on bare allegations of anxiety). As a matter of law, one letter is not extreme or outrageous conduct. In addition, there is no allegation that the lost sleep was severe, in that there is no allegation that Plaintiff went to a doctor for treatment. *See Goodin v. Bank of Am., N.A.*, 114 F. Supp. 3d 1197 (M.D. Fla. 2015). Plaintiff's allegation of mental distress is not sufficiently concrete and particularized to establish standing. To establish itself as an actual damage, emotional distress must have a severe impact on the Plaintiff. *Alecca v. AMG Managing Partners, LLC,* No. 2014 WL 2987702, at *2 (M.D. Fla. 2014). Here, Plaintiff does not allege facts to support that any aspect of the "emotional distress" or lost sleep was severe or that it was the result of extreme or outrageous conduct.

**B. Plaintiff's Allegation of wasted time is not an injury-in-fact under the law.**

Plaintiff alleges she has been harmed because she wasted time (Complaint at ¶36, 38). These declarations are not supported by any factual matter to establish how any time was wasted. Without anything to support the idea of wasted time, the allegation is insufficient to support Plaintiff's standing. *See Shields v. Professional Bureau of Collections of Md., Inc.*, 55 F.4th 823, 830 (10th Cir. 2022) (affirming dismissal of FDCPA claims for lack of standing because plaintiff "never alleged the letters caused her to do anything"). Plaintiff has no factual allegations that she took any action to understand, justify, dispute or communicate with the Defendant or do anything after she received the letter. Without more, there is nothing in the Complaint that provides this Court with sufficient factual matter, accepted as true, that Plaintiff's allegation of wasted time is a plausible injury in fact.

In this case, the Complaint has failed to plead standing because there are no allegations of damage, much less a concrete damage and this Court lacks subject matter jurisdiction.

### III. FAILURE TO STATE A CLAIM

Should the Court not dismiss this case for lack of subject matter jurisdiction, Plaintiff's Complaint fails to state a claim under Rule 12(b)(6) and should be dismissed. FDCPA §1692e(2)(A) prohibits the use of false, deceptive, or misleading methods to collect a debt, including misrepresenting the status, character, or amount of a debt. The Eleventh Circuit has joined the majority of the Federal Circuits to conclude that "only material misrepresentations constitute a violation of the FDCPA." *Rivas v. Midland Funding LLC,* 398 F. Supp. 3d 1294, 1304 (S.D. Fla. 2019), aff'd, 842 Fed. Appx. 483 (11th Cir. 2021). A "statement must influence a consumer's decision or ability to pay or challenge a debt" to be considered material. *Id.* (internal quotation marks omitted). As a result, "only misstatements that are important in the sense that they could objectively affect the least sophisticated consumer's decision making are actionable." *Id.* (quoting *Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 125-27 (4th Cir. 2014)). In this case, there is no allegation that the Plaintiff's decision making was remotely affected by the letter because she alleges her employer was to cover the expenses. The Complaint in this case lacks sufficient factual allegations to support a conclusion that Medicredit violated the FDCPA as a matter of law.

The Complaint alleges that Medicredit violated the §1692e(2)(A) because a statement sent to the Plaintiff falsely represents the character of the debt because the statement indicates the Plaintiff is responsible or obligated to pay the debt. (Complaint ¶50). In order for this to be plausible, the Complaint must contain sufficient factual allegations for the Court to conclude that the Plaintiff was not responsible or obligated to pay the debt.

In Florida, the patient, as well as the hospital, share the responsibility of the reporting requirements of section §440.13. *See Guardian Detective & Sec. Agency v. Schreyer*, 489 So.2d 1186 (Fla. 1st DCA 1986). Plaintiff is not insulated from financial responsibility unless and until an employer or workers compensation carrier accept responsibility. *See Sansone v. Crum*, 201 So. 3d 1289, 1291 (Fla. 1st DCA 2016); *Bergstein v. Palm Beach Cnty. Sch. Bd.*, 97 So. 3d 878, 879 (Fla. 1st DCA 2012). This is important because employer responsibility is not automatic. *See Sullivan v. NUC02, LLC/Broadspire*, 308 So. 3d 659, 662 (Fla. 1st DCA 2020). In this case, Plaintiff has not alleged that the employer or workers compensation carrier were aware much less accepted responsibility for any medical care. Even if the Plaintiff's physician had notice of a workplace injury, the treating physician's knowledge of the nature of a patient's treatment is not sufficient to impart knowledge of this fact to the hospital billing department. *Guardian Detective & Sec. Agency v. Schreyer*, 489 So.2d 1186 (Fla. 1st DCA 1986). The Complaint does not provide sufficient factual allegations to establish that Medicredit had knowledge of a work-related accident, the allegation that Defendant attempted to collect a debt it knew was illegitimate fails to state a cause of action, fails as a matter of law and should be dismissed.

The Complaint further alleges that Medicredit violated the §1692e(2)(A) because a statement sent to the Plaintiff falsely represents the amount of the debt because "the amount sought by the Collection Letter exceeds the amount which Palms West Hospital is entitled pursuant to the fee schedules and/or guidelines for services rendered to injured workers." (Complaint at ¶51). As outlined above, there are no factual allegations the plaintiff qualified as an injured worker. In addition, there are no factual allegations to support a conclusion that the amount stated in the statement exceeds any fee schedule or guideline because none have been offered in contrast.

Here, Plaintiff offers only conclusory allegations that Medicredit violated this statute because it sent a statement. The Complaint does not allege the statement was received, or that the statement included material misstatements tended to influence her decision about how to proceed with respect to the debt. As a result, Plaintiff has failed to allege a violation of 15 U.S.C. §1692e(2)(A) and the Complaint fails to state a claim for which relief may be granted.

### IV.     Dismissal.

Ultimately, the complaint must set forth factual assertions that can be supported by evidence which gives rise to legal liability. This Complaint fails to allege an injury in fact which does not establish Plaintiff's "case" before this Court. Dismissal of a complaint for lack of subject-matter jurisdiction is proper when the court lacks jurisdiction over the subject matter. *See* Fed. Rule. Civ P. 12(b)(1). Should the Court conclude that it has jurisdiction, the case should still be dismissed for failure to state a claim for which relief may be granted pursuant to Rule. 12(b)(6).

WHEREFORE, Defendant Medicredit, Inc respectfully requests that the Court enter an order dismissing the Complaint with prejudice.

Respectfully submitted,

/s/  Drew P. O'Malley
Drew P. O'Malley
Florida Bar No. 106551
Spencer Fane LLP
201 North Franklin Street, Suite 2150
Tampa, Florida 33602
Phone:  813-424-3500
Facsimile:  813-405-8904
domalley@spencerfane.com
jryan@spencerfane.com
ecoutu@spencerfane.com
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 18th day of September, 2024, a true copy of the foregoing has been electronically filed with the Clerk of Court through the Court's CM/ECF E-Filing Portal and served on all counsel of record via transmission of Notices of Electronic Filing generated by the CM/ECF E-Filing Portal, to the following:

    Thomas Patti, Esq.
    Victor Zabaleta, Esq.
    PATTI ZABALETA LAW GROUP
    110 SE 6TH Street, Suite 1732
    Fort Lauderdale, FL 33309
    tom@pzlg.legal
    victor@pzlg.legal
    *Counsel for Plaintiff*

    /s/ *Drew P. O'Malley*
    Attorney