UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61381-CIV-DAMIAN/Valle

**ALBA MORALES**,

    Plaintiff,

v.

**MEDICREDIT INC.**,

    Defendant.

_____/

ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE,
REQUIRING MEDIATION,
AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE

**THIS MATTER** is set for trial during the Court's two-week trial calendar beginning on **July 14, 2025**. Counsel for all parties shall also appear at a Calendar Call at **1:30 p.m. on Wednesday, July 9, 2025**. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in **Courtroom 205C at the U.S. Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301**.

The parties shall adhere to the following schedule:

**November 19, 2024.** The parties shall file all motions to amend pleadings or to join parties.

**December 8, 2024.** The parties shall select a mediator in accordance with Local Rule 16.2; schedule a time, date, and place for mediation; and jointly file a proposed order scheduling mediation in the form specified on the Court's website, *http://www.flsd.uscourts.gov*. In accordance with the procedures outlined in the CM/ECF Administrative Procedures, the proposed order must also be emailed to *damian@flsd.uscourts.gov* in Word format. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as the impasse becomes clear, and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with, and adhere to, all provisions of Local Rule

16.2.1.[1] Within **three (3) days** of the mediation, the parties shall file a joint mediation report with the Court. The report shall indicate whether the case settled (in full or in part), whether it was adjourned, or whether the mediator declared an impasse. If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions may be imposed.

**February 24, 2025.** The parties shall exchange expert witness summaries or reports.

**March 17, 2025.** The parties shall exchange rebuttal expert witness summaries or reports.

**March 31, 2025.** All discovery, including expert discovery, shall be completed.

**March 31, 2025.** The parties must have completed mediation and filed a mediation report.

**April 14, 2025.** The parties shall file all pre-trial motions, including motions for summary judgment, *Daubert* motions, and motions for a bench trial. Each party is limited to filing one *Daubert* motion. If a party cannot address all evidentiary issues in a 20-page memorandum, it must petition the Court for leave to include additional pages. The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification. The parties are directed to review the Court's procedure for the filing of summary judgment motions (set out below).

**June 16, 2025.** The parties shall file any motions *in limine* (other than *Daubert* motions). Each party is limited to filing one motion *in limine*, which may not, without leave of Court, exceed the page limits allowed by the Rules. The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.

**June 30, 2025.** The parties shall submit a joint pre-trial stipulation, exhibit lists, witness lists, deposition designations, and proposed jury instructions and verdict form or proposed findings of fact and conclusions of law, as applicable.

**Referral to Magistrate Judge.** Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all pretrial non-dispositive matters are hereby **REFERRED** to

---

[1] Pursuant to Local Rule 16.2(e), the appearance of counsel and each party (or the representatives of each party with full authority to enter into a full and complete compromise and settlement) is mandatory. The Court may impose sanctions against parties and/or counsel who do not comply with these attendance or settlement authority requirements. The mediator shall report non-attendance to the Court and may recommend the imposition of sanctions for non-attendance.

**United States Magistrate Judge Alicia O. Valle**. Furthermore, in accordance with 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by Magistrate Judge Valle.

**Good Faith Conferral.** For the purposes of compliance with the good faith conferral requirement of Local Rule 7.1(a)(3), the parties are instructed that a single e-mail exchange with opposing counsel shall not constitute a good faith effort under the Local Rules. The parties are instructed to confer either telephonically or in person.

**Discovery.** The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. Stipulations that would so interfere may be entered into only with the Court's approval. *See* Fed. R. Civ. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court. Strict compliance with the Local Rules is expected, particularly with respect to motions practice. *See* S.D. Fla. L.R. 7.1.

**Discovery Disputes.** In accordance with 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, this matter is **REFERRED** to United States Magistrate Judge Alicia O. Valle for appropriate disposition of all pretrial discovery motions and all motions that relate directly to these motions, such as motions for extension of time, motions for reconsideration, motions for sanctions, and motions for mental or physical examinations. This Order does not refer any motion which requests a continuance or extension of the trial or pretrial scheduling dates.

In the event of discovery disputes, counsel must first confer and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking the Court's

intervention. The Court may impose sanctions, monetary or otherwise, if it determines that a party has improperly sought or withheld discoverable material in bad faith. If, after conferring, the parties are unable to resolve their discovery dispute without Court intervention, they shall follow Magistrate Judge Valle's standard discovery procedures, which can be found on the Court's website under Judge Valle's page.

**Summary Judgment.** Parties are required to comply with Local Rule 56.1. If a party fails to comply with any of the requirements of the Local Rules, the Court may strike the deficient filing and require immediate compliance, grant an opposing party relief, or enter any other sanction the Court deems appropriate.

A motion for summary judgment—and the responses in opposition—must be accompanied by a Statement of Material Facts. Each material fact must be supported by pincites to the relevant parts of record materials, such as depositions, answers to interrogatories, admissions, and affidavits. The pincites shall reference specific pages (and, if appropriate, line numbers as well) of the exhibits, designate the number and title of each exhibit, and provide the exhibit's ECF number. When a material fact requires specific evidentiary support, a general citation to an exhibit without a pincite (e.g., "Smith Affidavit" or "Jones Deposition" or "Exhibit A") is non-compliant and will be stricken or disregarded.

All material facts in any party's Statement of Material Facts may be deemed admitted unless controverted by the other party's Statement of Material Facts, provided that: (i) the Court finds that the material fact at issue is supported by properly cited record evidence; and (ii) no other exception under Fed. R. Civ. P. 56 applies.

In addition to filing a Statement of Material Facts, as required under Local Rule 56.1(a), the parties shall also file a Joint Statement of Undisputed Facts, which must include

all relevant facts about which there is no material dispute. Each undisputed fact shall be individually numbered and separated by paragraph. This filing is limited to 10 pages and does not otherwise change the parties' obligation to comply with Local Rule 56.1.

***Voir Dire* Questions.** The Court will require each prospective juror to complete a brief written questionnaire prior to the commencement of questioning in the courtroom. Any party may submit up to five proposed, case-specific questions to be included in the questionnaire. The proposed questions must be filed with the Court at the time of the filing of the joint pretrial stipulation and must also be submitted to the Court, in Word format, via e-mail to *damian@flsd.uscourts.gov*. The Court will begin *voir dire* by questioning the venire individually and as a whole and will permit limited attorney-directed *voir dire* thereafter. The Court will not permit the backstriking of jurors.

**Jury Instructions and Verdict Form.** Although they need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form jointly. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. The parties shall then indicate the instruction proposed only by a plaintiff and then the instruction as proposed only by a defendant. Every instruction must be supported by citation to authority. The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein. Any proposed instruction that modifies an instruction from the Eleventh Circuit's Pattern Jury Instructions must both note the modification and delineate the modification in redline (or track changes). The parties shall submit, in Word format via e-mail to *damian@flsd.uscourts.gov*, proposed jury instructions and verdict form, including substantive

charges and defenses, prior to the calendar call. For instructions on filing proposed documents, please see *http://www.flsd.uscourts.gov.*

**Trial Exhibits**. All trial exhibits must be pre-marked. The Plaintiff's exhibits must be marked numerically with the letter "P" as a prefix; the Defendant's exhibits must be marked numerically with the letter "D" as a prefix. The parties must submit a list setting out all exhibits by the date of the calendar call. This list must indicate the pre-marked identification label (*e.g.*, P-1 or D-1) and include a brief description of the exhibit.

**Settlement Notification.** If this matter is settled, counsel shall inform the Court promptly by filing a Notice via CM/ECF, and, if the settlement is reached less than 48 hours before a scheduled hearing or trial, the parties shall inform the Court via telephone (954-769-5560) and/or e-mail (*damian@flsd.uscourts.gov*).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 8th day of November, 2024.

_____
MELISSA DAMIAN
UNITED STATES DISTRICT JUDGE

Copies to:
Hon. Alicia O. Valle
Counsel of Record